IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES C. PALTZA SR.,

    Plaintiff,

   -vs-                                                                                No. Civ. 07-0013 LH/LCS

J. FOOTE,

    Defendant.

### MEMORANDUM OPINION

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand (Docket No. 4) and the United States' Motion to Dismiss (Docket No. 5, pt. 1). The Court, having reviewed the Motions, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that Plaintiff's Motion is not well taken and will be **denied** and Defendant's Motion is well taken and will be **granted**.

Plaintiff *pro se*, James C. Paltza Sr., filed his Complaint and Demand for Jury Trial and Affidavit of Fact and Notice to Court ("Complaint") in the Sixth Judicial District Court, Luna County, New Mexico. *See* Notice Removal (Docket No. 1), Ex. A ("Compl."). He sues J. Foote, a Revenue Officer with the Internal Revenue Service (IRS), in his personal capacity for damages in excess of $1,000,000, claiming that Defendant, acting outside his lawful authority, used his position with the IRS "to engage in a fraud and extortion effort against the Plaintiff." *Id.* ¶¶ 2-4, 8. Asserting jurisdiction under "Article III, section 2, of the U.S. Constitution and the common law

provisions,"[1] *id.* ¶ 9, Plaintiff brings six causes of action: 1) violation of his Fourth Amendment rights, in that "Defendant knowingly allowed and promoted the continuing illegal seizure of Plaintiff's property rights," *id.* ¶ 52; 2) denial of his Fifth Amendment due process, "as to the unlawful procedures used in filing of Notices of Federal Tax Lien on Plaintiff's property title," *id.* ¶ 59; 3) use of the United States mail to commit extortion, in violation of 18 U.S.C. §§ 41, 47, and 63, *id.* ¶ 62; 4) extortion under color of law, in violation of 18 U.S.C. § 872, *id.* ¶ 67; 5) violation of administrative due process, *id.* ¶¶ 70-71; and 6) attempt to commit fraud, in violation of 18 U.S.C. § 1346, *id.* 74-75.  His alleged injuries include,

   a) Pain
   b) Suffering
   c) Years of emotional distress and lack of sleep.
   d) Anxiety over employment and reliability of "income".
   e) Seizure of property and bank account.
   f) Seizure of compensation for services.
   g) Illegal liens on Plaintiff's home.
   h) Public humiliation.
   i) Public defamation of character.
   j) Loss of Banking good will and loss of bank account.
   k) Encumberance [sic] of Plaintiff's freedom of movement.
   l) Loss of consortium
   m) Divorce
   n) Extreme time, (years) of study and effort to unravel the IRS Code book and learn to defend myself against my own Government.

*Id.* ¶ 46 (end of line punctuation in original). He seeks payment of $300,000, plus $600,000 in punitive damage, and expenses, costs, and attorney fees, for each cause of action. *Id.* ¶¶ 56, 60, 65, 68, 72, 76. He also requests an order removing all liens and levies on his property and restoration of money seized from his bank account and "a letter correcting the Defendants [sic] (illegal) notices

---

[1] Plaintiff also avers that jurisdiction is "conferred by the controversy established by the sufficiency of these pleadings" and that "the common laws of the United States and the U.S. Supreme Court rulings are central to the questions involved in this action."  Compl. § 6.

to help restore my good standing." *Id.* All of Plaintiff's claims are based upon his belief that, pursuant to 26 U.S.C. § 7608,[2] Revenue Officer Foote is not authorized to collect income taxes. *See, e.g., id.* ¶ 13 ("Violation of [26 U.S.C. §] 7608 brings about all the CAUSES OF ACTION included in this complaint against Defendant.").

---

[2] 26 U.S.C. § 7608, titled "Authority of internal revenue enforcement officers," has three subsections: (a) Enforcement of subtitle E and other laws pertaining to liquor, tobacco, and firearms; (b) Enforcement of laws relating to internal revenue other than subtitle E; and (c) Rules relating to undercover operations. Subtitle E, referenced in section 7608(a), is titled "Alcohol, Tobacco, and Certain Other Excise Taxes" and includes chapters on Distilled Spirits, Wines, and Beer; Tobacco Products and Cigarette Papers and Tubes; Machine Guns, Destructive Devices, and Certain Other Firearms; Greenmail; and Structured Settlement Factoring Transactions. 26 U.S.C. chs. 51-55. Subsection (b) authorizes certain functions to be performed by criminal investigators of the Intelligence Division of the IRS. 26 U.S.C. § 7608(b). Finally, Subsection (c), as indicated by its title, sets forth statutory procedures regarding undercover investigative operations of the IRS. 26 U.S.C. § 7608(c).

Defendant removed the suit to federal court, pursuant to 28 U.S.C. §§ 1441,[3] 1442,[4] and 1446,[5] asserting jurisdiction under 28 U.S.C. §§ 1331[6] and 1346.[7] Notice Removal ¶ 3. Plaintiff responded by moving to remand, arguing, *inter alia*, that Revenue Officer Paltza "exceeded the bounds of [his] authority" pursuant to section 7608 when he "took enforcement actions and seized Plaintiff's bank account several times['] seized Plaintiff's compensation for services[, and] placed a lien against Plaintiff's property." Mot. Remand ¶¶ 7-10. Thus, Plaintiff concludes,

> When Defendant Foote acted outside the bounds of his authority his position of Revenue Officer for the IRS ended [,] . . . his position of "official capacity" ended[,]

---

[3] 28 U.S.C. § 1441, Actions removable generally, provides in relevant part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . .

[4] 28 U.S.C. § 1442, Federal officers or agencies sued or prosecuted, provides in relevant part:

(a) A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue.

[5] 28 U.S.C. § 1446 provides the procedure for removal of cases from state court.

[6] 28 U.S.C. § 1331, Federal question, provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[7] 28 U.S.C. § 1346, United States as defendant, provides in relevant part:

(a) The district courts shall have original jurisdiction . . . of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws . . . .

> . . . his position of "officer or employee" for the IRS ended [,] . . . his "performance of duties on behalf of the United States["] ended and his "individual capacity" began . . . . [H]e became an "individual" citizen and **not a federal officer or employee of any of the Federal entities** . . . .  When he became an "individual" charged with Fraud and Extortion, this became a STATE ACTION . . . .

*Id.* ¶¶ 53-58 (emphasis in original).

The United States then moved to dismiss on grounds that Plaintiff's allegations against Defendant regarding the authority of revenue officers to collect revenue under 26 U.S.C. § 7608 fail to state a claim upon which relief can be granted.  Br. Supp. United States' Mot. Dismiss (Docket No. 5, pt. 2) 1-2.  The United States also argues that even if section 7608 were relevant, Plaintiff fails to state any cause of action against Revenue Officer Foote in his individual capacity.  *Id.* at 2-4.  Finally, the United States maintains that to the extent Plaintiff may have stated any claims against the United States, he has failed to plead a waiver of sovereign immunity, leaving this Court without subject matter jurisdiction.  *Id.* at 4-5.

Plaintiff subsequently filed his Objection by Plaintff [sic] to Unverified "United States' Motion to Dismiss" by Non Party to This Action (Docket No. 7) and his Response to United States' Response to Plaintiff's Motion to Remand (Docket No. 10).

*Pro se* pleadings must be liberally interpreted, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the Court should not "assume the role of advocate," *Northington v. Jackson*, 973 F.2d 1518, 5121 (10th Cir. 1992) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  Despite Plaintiff's confusing and often ambiguous argument, it is clear from a review of the record in this matter that Defendant's removal of this case to federal court was appropriate.  *See supra* notes 3-7.

It is also beyond question that Plaintiff's reliance on 26 U.S.C. § 7608 is entirely misguided. As other courts have rightly noted, "this provision applies only to criminal enforcement officers

performing certain functions relating to undercover operations, subtitle E of the Internal Revenue Code and other laws relating to alcohol, firearms and tobacco." *Beam v. IRS*, 192 F.3d 941, 945 (9th Cir. 1999)(section 7608 not implicated in claim IRS agent acted outside scope of his authority because that provision does not provide for use of levies to secure payment of unpaid taxes); *see also, e.g., Gudenau v. United States*, Civil No. 05-00733 SPK-LEK, 2006 WL 2639472, at *3, *7 (D. Haw. Sept. 11, 2006)(requirements of 26 U.S.C. § 7608(b) do not apply because they deal with criminal investigations and Officer was not conducting criminal investigation) and *supra* note 2. Additionally, to the extent Plaintiff's Complaint may be construed as bringing a *Bivens* claim against Revenue Officer Foote in his individual capacity, "it will not lie because Congress has already established a scheme of safeguards and remedies for individuals harmed by unlawful tax collection." *Bissen v. Mazzetti*, No. 98-1005, 1998 WL 732809, at *1 (10th Cir. Oct. 19, 1998)(citing *Schweiker v. Chilicky*, 487 U.S. 412, 422-23 (1988); *Dahn v. United States*, 127 F.3d 1249, 1234 (10th Cir. 1997); *Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990); *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1248 (10th Cir. 1989)).

It also is clearly evident that Plaintiff's suit complains only of actions taken by Revenue Officer Foote in his official capacity with the IRS and thus, despite Plaintiff's protestations to the contrary, it is properly considered to be a suit against the United States. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States."). This, then, is yet another ground justifying dismissal of this action against Revenue Officer Foote.

With regard to suits against the United States, it has long been settled that "the United States, as sovereign, 'is immune from suit, save as it consents to be sued . . . and the terms of its consent

to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Dalm*, 494 U.S. 596, 608 (1990)(omission in original)(quoting *United States v. Sherwood*, 312 U.S. 584, 586, (1941)).  The taxpayer bears the burden of showing a waiver of sovereign immunity, which "must be strictly construed in favor of the sovereign[,] may not be extended beyond the explicit language of the statute[, and] cannot be implied, but must be explicitly expressed." *Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992)(citations omitted); *see also Lonsdale v. United States*, 919 F.2d 1440, 1443-44 (10th Cir. 1990).  Plaintiff plainly has not met this burden.  Furthermore, any attempt by Plaintiff to assert jurisdiction under the Federal Tort Claims Act must fail as the Act explicitly excludes from its coverage "[a]ny claim arising in respect of the assessment or collection of any tax," 28 U.S.C. § 2680(c), which this case most certainly does.  *See Nat'l Commodity & Barter Ass'n*, 886 F.2d at 1246 & n.5.

Finally, the Court notes that the Anti-Injunction Act[8] prohibits actions in the nature of Plaintiff's suit, the Declaratory Judgment Act[9] provides that no suit to restrain the assessment or collection of any tax shall be maintained, and Plaintiff fails to meet any statutory or judicial exception to either.  *See Fostvedt*, 978 F.2d at 1203 & n.4.

---

[8]The Anti-Injunction Act provides in relevant part:

> Except as provided in [specified sections of the Internal Revenue Code], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a).

[9]The Declaratory Judgment Act provides in relevant part:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986*, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . .

28 U.S.C. § 2201(a)(emphasis added).

Thus, Revenue Officer Foote must be dismissed, with the United States substituted as Defendant, and this suit will be dismissed for lack of subject matter jurisdiction. An Order in accordance with this Memorandum Opinion shall be entered contemporaneously.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**